**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PETER YOUNG,

                             **Plaintiff,**

         **v.**                                    **9:12-CV-1642**
                                                      **(MAD/TWD)**

BRIAN FISCHER, *et al.*,

                            **Defendants.**

**APPEARANCES:**

**PETER YOUNG**
**08**-R-0331
Auburn Correctional Facility
Box 618
Auburn, New York 13021
Plaintiff, *pro se*

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

## I. INTRODUCTION

      The Clerk has sent to the Court a *pro se* complaint filed by Plaintiff Peter Young,[1] together

with an application to proceed *in forma pauperis* ("IFP Application").  *See* Dkt. No. 1; Dkt. No. 2.

Plaintiff has also filed motions requesting various relief from the Court.  *See* Dkt. Nos. 4, 9, 12, 13, 14,

15, 16, 17.  For the reasons set forth below, Plaintiff's IFP Application is granted; and his complaint is

*sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to

---

    [1]  This action was originally filed in the Western District of New York and was transferred to
this District by Order of United States District Richard J. Arcara of the Western District of New York.
*See* Dkt. No. 5.

state a claim unless, within thirty (30) days of the date of this Decision and Order, Plaintiff files an amended complaint curing the pleading defects described below.

## II. DISCUSSION

**A.     IFP Application**

Upon review of Plaintiff's IFP Application, the Court finds that Plaintiff has demonstrated sufficient economic need.  Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

**B.     Initial Screening**

The Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Therefore, the Court must determine whether Plaintiff may properly maintain his complaint before permitting him to proceed.  Although a court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.  "Dismissal of frivolous actions pursuant to 28

U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325 (citation omitted).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when the plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

## C.     Review of the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law.  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Personal involvement of the defendants in alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978)).  In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986) (citation omitted).  Any complaint that fails to allege personal involvement in the alleged unlawful conduct is "'fatally defective' on its face."  *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987).

In his complaint, Plaintiff asserts claims arising out of his confinement at Auburn Correctional Facility.  *See generally* Dkt. No. 1.  Plaintiff seeks monetary damages.  *See id*. at 6.  In light of Plaintiff's *pro se* status, the Court has examined the complaint carefully to determine whether a basis exists for this Court's exercise of jurisdiction over his claims.  As discussed below, however, the Court

is not able to discern either a factual or legal basis for this action.

### 1. Auburn Correctional Facility

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  State immunity extends not only to the states, but also to state agencies.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf,* 506 U.S. 139, 142-47 (1993); *McGinty v. New York,* 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state'") (citation omitted).

In light of this authority, the Court finds that the Eleventh Amendment bars any claim by Plaintiff for money damages against Defendant Auburn Correctional Facility.  *Santiago v. New York State Dep't. of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) ("Agencies of the state, such as DOCS, are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest") (citations omitted); *Rivera v. Goord*, 119 F. Supp. 2d 327, 336 (S.D.N.Y. 2000) (holding that a state correctional facility is immune from suit as a branch of a state agency) (citations omitted).  Plaintiff's Section 1983 claims for monetary damages against Defendant Auburn Correctional Facility are therefore barred by Eleventh Amendment immunity. As such, the Court dismisses Auburn Correctional Facility as a Defendant in this action.

### 2. First Claim

As alleged by Plaintiff in his First Claim, Defendants Auburn Correctional Facility,[2]

Commissioner Fischer, Superintendent Graham, Brower, Chandler, Heath, Fagan,[3] Vasile, Casler,

Putnam, and Schug engaged in the following conduct:

> refused to give [Plaintiff] legal mail; discard[ed] [his] legal mail; no
> access to court; right to conceal by refusing to mail out [his] legal mail.
> Destroyed evidence or copies of legal documents; [denied Plaintiff] legal
> supplies (carbon paper) [for months].  The officer of the D.O.C. refuse to
> give [Plaintiff his] legal books, legal work[,] copies of grievance.
> [Plaintiff is] in isolation with nothing but a pen & paper.  No access to
> law library.

*See* Dkt. No. 1 at 5.  Plaintiff's First Claim sets forth only vague and conclusory allegations that

someone has violated his rights.  *See id.*  There is not a single reference to any specific action taken by

a named Defendant; there are no dates; and there is no indication where the alleged wrongdoing

occurred.  Indeed, Plaintiff's statement of claim amounts to nothing more than a series of legal

conclusions that someone violated his rights, is unsupported by any facts, and is wholly insufficient to

state a claim.  *See Iqbal*, 556 U.S. at 678 (holding that although the court should construe the factual

allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions").  Accordingly, Plaintiff's

First Claim is dismissed as failing to state a plausible cause of action.


### 3. Second Claim

---

[2] Auburn Correctional Facility has been dismissed as a Defendant because it is immune from
monetary damages under the Eleventh Amendment.  *See* Part II.C.1, *supra*.

[3] Plaintiff refers to this Defendant as "Fagen" in the list of Defendants, but in the body, refers to
him as "Fagan."

Plaintiff alleges that "Officers" whose names are "on Record, plus on Tape" entered Plaintiff's cell "in riot gear [with] night sticks and [a] shield" and used a chemical agent to force Plaintiff out of his cell.  *See* Dkt. No. 1 at 6.  Plaintiff alleges that the officers punched and choked him, causing injury to his ribs, head, and back.  *See id*.  Plaintiff alleges that he "can hardly work because [he] refuse[s] to go [to] medical" to see a doctor because it is "against [his] religion."  *See id*.  Construed liberally, Plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment to the United States Constitution.  However, Plaintiff does not indicate which, if any of the named Defendants, were responsible for this alleged misconduct, and the claim is subject to dismissal for failure to allege the personal involvement of any Defendant.  *See Wright*, 21 F.3d at 501 (holding that the personal involvement of the defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under Section 1983.).  This claim is dismissed for failure to allege that any Defendant was personally involved in the wrongdoing.[4]

### 4.  Third Claim

The Third Claim is also largely comprised of legal conclusions, unsupported by any facts.  *See* Dkt. No. 1 at 12.  To the extent that Plaintiff does allege wrongdoing by specific Defendants, as discussed below, he fails to state a plausible claim upon which relief may be granted under Section 1983.

---

[4] To the extent that Plaintiff is attempting to assert this claim against yet to be identified officers, he is advised that an action cannot proceed against unidentified Defendants.  Plaintiff will be afforded the opportunity to file an amended complaint, at which time he may, if necessary, name one or more individuals allegedly involved in this wrongdoing.

### a.   Denial of Access to the Courts

The Constitution guarantees prisoners meaningful access to the courts.  *See Lewis v. Casey,* 518 U.S. 343, 351 (1996) (citation omitted); *Bounds v. Smith,* 430 U.S. 817, 828 (1977); *Morello v. James*, 810 F.2d 344, 346-47 (2d Cir. 1987).  This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights."  *Bounds*, 430 U.S. at 828, *modified on other grounds*, *Lewis*, 518 U.S. at 350.  "However, this right is not 'an abstract, freestanding right to a law library or legal assistance' and cannot ground a Section 1983 claim without a showing of 'actual injury.'"  *Collins v. Goord*, 438 F. Supp. 2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis*, 518 U.S. at 351); *see also Jermosen v. Coughlin,* No. 89 Civ. 1866, 1995 WL 144155, *4 (S.D.N.Y. Mar. 30, 1995) ("Interferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right").

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury.  *See Lewis*, 518 U.S. at 353; *Renelique v. Duncan*, No. 9:03-CV-1256, 2007 WL 1110913, *9 (N.D.N.Y. Apr. 12, 2007) (same) (citing *Howard v. Leonardo*, 845 F. Supp. 943, 946 (N.D.N.Y. 1994)).  Where an inmate alleges that the defendant's interference with his mail violated his right to access the courts, the inmate must show "that a prison official's deliberate and malicious interference caused an actual injury, such as the dismissal of a non-frivolous legal claim."  *Brown v. Kepiec*, No. 9:06-CV-1126 (GTS/RFT), 2009 WL 818959, *4 (N.D.N.Y. Mar. 25, 2009) (citation omitted).

Here, Plaintiff merely alleges that Defendants Heath, Casler, Chandler, Brower, Superintendent

Graham, and Commissioner Brian Fischer "refused to mail out a civil right claim around 7 month[s] ago" and "refuse[d] to mail out demand for evidence in case No[.] 09-CV-6639CJS."  *See* Dkt. No. 1 at 12.  Plaintiff's complaint does not plausibly suggest that he has suffered "actual injury" in any court action as a result of the alleged wrongdoing by the named Defendants.  Thus, with respect to the critical inquiry of whether Plaintiff has suffered "actual injury," the complaint is wholly deficient.  *See Davidson v. Goord*, 215 F.R.D. 73, 78 (W.D.N.Y. 2003) (holding that the "prisoner must provide 'some basis for his allegation that the delay or failure in delivering his mail deprived him of meaningful access to the courts'") (quoting *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)).  Read in a light most favorable to Plaintiff, and with due regard to his status as a *pro se* litigant, Plaintiff fails to allege a plausible denial of access to the courts claim against Defendants Heath, Casler, Chandler, Brower, Graham, or Fischer.

### b.  Taking Property Without Due Process

The Supreme Court has held that even intentional destruction of a prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim.  *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)).  With regard to claims of lost or stolen property, the Second Circuit has recognized that New York provides, "an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) (citing *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983)).

Thus, Plaintiff's allegations that Defendant Superintendent Graham "wrote to" Plaintiff that "he discard[ed] Plaintiff's legal documents" and that Defendant Casler took evidence from Plaintiff's cell

"many times" while Plaintiff showered, fails to state a claim for denial of due process pursuant to Section 1983. To the extent that Plaintiff's loss of legal documents or "evidence" could be liberally construed to allege a denial of access to the courts claim, that claim fails as well. *See Lewis*, 518 U.S. at 353 (holding that to state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury); *see also* Part II.B.3.a, *supra*. Plaintiff has failed to allege that he suffered any injury from Defendants' alleged conduct.

### c. *Threats and Harassment*

Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under § 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *see also Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (holding that "verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *Rivera v. Goord*, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (collecting cases).

In the present matter, Plaintiff alleges that he was "threaten[ed]" by Defendants Bell and Vasile; "torment[ed]" and subjected to "sexual remarks" by Defendant Fagan; and harassed by Defendants Heath, Casler, Brower, and Chandler "about his religious beliefs." *See* Dkt. No. 1 at 12. These allegations fail to state a claim pursuant to Section 1983.

### d. *Food Tampering*

To state a claim under the Eighth Amendment, a plaintiff must show the following: (1) that the conditions of his confinement resulted in a deprivation that was sufficiently serious; and (2) that the defendants acted with deliberate indifference to his health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Davidson v. Murray*, 371 F. Supp. 2d 361, 370 (W.D.N.Y. 2005) (citation omitted).  Deliberate indifference exists if an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The Second Circuit, in addressing the needs protected by the Eighth Amendment, has stated that sentenced prisoners are entitled only to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds sub nom, Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v. Manson*, 651 F.2d 96, 106 (2d Cir. 1981) (citation omitted).  With respect to "adequate food," the Second Circuit has recognized that the Eighth Amendment requires that prisoners be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Robles v. Couglin*, 725 F.2d 12, 15 (2d Cir. 1983) (citation omitted); *Brown v. Eagen*, No. 9:08-CV-0009 (TJM/DRH), 2009 WL 815724, *10 (N.D.N.Y. Mar. 26, 2009) (citations omitted); *Midalgo v. Bass*, No. 9:03-CV-1128 (NAM/RFT), 2006 WL 2795332, *11 (N.D.N.Y. Sept. 26, 2006) (citations omitted).

Plaintiff alleges, in wholly conclusory fashion, that his "food has been tampered with." *See* Dkt. No. 1 at 12.  "The mere allegation of food tampering alone, however, is insufficient to establish a claim under the Eighth Amendment." *Harris v. Ashlaw*, No. 9:07-CV-0358 (LEK/DEP), 2007 WL

4324106, *5 (N.D.N.Y. Dec. 5, 2007). Plaintiff's complaint fails to plead facts demonstrating the existence of a plausible food tampering claim. Plaintiff has not alleged facts surrounding the tampering, or facts that suggest an "immediate danger" to his health. Moreover, even if the Court were to find that Plaintiff's allegation of food tampering states an objectively serious violation of his constitutional rights, the claim would still fail to state an Eighth Amendment violation because there are no facts to plausibly suggest that any Defendant acted with deliberate indifference in depriving Plaintiff of adequate food. Additionally, Plaintiff does not attribute this misconduct to any Defendant. Indeed, the identity of those to whom this alleged wrongdoing is attributed is not disclosed. Accordingly, Plaintiff's Eighth Amendment food tampering claim is dismissed as failing to state a plausible cause of action, and for failure to allege the personal involvement of any Defendant.

### e. *Retaliation*

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (*quoting Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting First Amendment retaliation must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." *Davis*, 320 F.3d at 352 (quoting *Dawes*, 239 F.3d at 492). "[A] complaint which alleges retaliation in wholly conclusory terms may

safely be dismissed on the pleadings alone." *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) (citation omitted).

Plaintiff alleges that he was harassed by Defendants Heath, Casler, Brower, and Chandler because of his grievances and a civil rights complaint. *See* Dkt. No. 1 at 12. The filing of a lawsuit or a prison grievance is a constitutionally protected activity. *See Baskerville v. Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002) (citing *Bounds v. Smith,* 430 U.S. 817, 821-32 (1977) (holding that the filing of a lawsuit is a protected activity); *Amaker v. Goord,* No. 98 Civ. 3634, 2002 WL 523371, *14 (S.D.N.Y. March 29, 2002) (same)); *Graham v. Henderson,* 89 F.3d 75, 80 (2d Cir. 1996) (filing a prison grievance is a constitutionally protected activity). Thus, Plaintiff has alleged sufficient facts to plausibly suggest that he meets the first prong of the retaliation test.

To meet the second prong of the retaliation test, Plaintiff must allege that a Defendant took adverse action against him because he engaged in constitutionally protected activity. The Second Circuit has defined "adverse action" as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (citation omitted) (omission in original). This objective test applies even if the plaintiff was not himself subjectively deterred from exercising his rights. *See id.* Conduct that is *de minimis* does not give rise to actionable retaliation. What is *de minimis* varies according to context in which it occurs. *Dawes*, 239 F.3d at 493 (citation omitted). As the Second Circuit has pointed out, "[p]risoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a [retaliatory] action taken against them is considered adverse." *Dawes,* 239 F.3d at 491 (quoting *Thaddeus-X v. Blatter,* 175 F.3d 378, 386-87 (6th Cir. 1999) (en banc) (per curiam)). If a retaliatory act against an inmate would not be likely to "chill a person of

ordinary firmness from continuing to engage" in a protected activity, "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes,* 239 F.3d at 493.

"The Second Circuit has held that '[i]nsulting or disrespectful comments directed at an inmate' generally do not rise to the level of conduct that would deter an individual from exercising his or her constitutional rights." *Battice v. Phillip*, No. CV-04-0669, 2006 WL 2190565, *7 (E.D.N.Y. Aug. 2, 2006) (quoting *Davis*, 320 F.3d at 353); *see also Dawes*, 239 F.3d at 493 (calling an inmate an "informant" or a "rat" is not adverse action which would support a retaliation claim) (citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable...."); *Riley v. Coutu*, 172 F.R.D. 228, 235 (E.D. Mich. 1997) ("Certain means of 'retaliation' may be so de minimis as not to inhibit or punish an inmate's right of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response")). Plaintiff's conclusory allegations that Defendants harassed or threatened him do not rise to the level of an adverse action and, therefore, cannot support a retaliation claim. *See Battice*, 2006 WL 2190565, at *7; *Dawes*, 239 F.3d at 493.

Moreover, the fact that Plaintiff merely characterizes Defendants' actions as "retaliatory," yet fails to plead any facts that would give rise to such an inference of retaliation, is wholly conclusory, and fails to state a plausible claim of retaliation. *See Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (holding that claims of retaliation must be "'supported by specific and detailed factual allegations,'" and not stated "'in wholly conclusory terms'") (quoting *Flaherty*, 713 F.2d at 13); *see also Graham,* 89 F.3d at 79 (holding that wholly conclusory claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (same).

### D.        Dismissal and Opportunity to Amend

The Court recognizes that Plaintiff is proceeding *pro se* and that this requires the Court to treat his pleadings with a certain degree of liberality.  Despite this, the complaint is wholly insufficient to state any plausible claim for relief or to allow Defendants to make a reasonable response.  Under the circumstances. the Court concludes that the complaint as drafted fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  *See Iqbal*, 556 U.S. at 679 (finding that the court need not accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim) (citing *Twombly*, 550 U.S. at 555).

In light of his *pro se* status, the Court will afford Plaintiff the opportunity to file an amended complaint if he desires to proceed with this action.  Any amended complaint submitted by Plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that the individuals named as Defendants engaged in acts of misconduct or wrongdoing which violated his constitutional rights.  In preparing his amended complaint, Plaintiff is advised that the personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, *see McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977); and that the doctrine of *respondeat superior* is inapplicable to these claims, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973).  Thus, any amended complaint filed by Plaintiff must include allegations of fact against each Defendant sufficient to demonstrate his or her personal involvement in the matters of which Plaintiff complains.

Plaintiff's failure to submit an amended complaint **within thirty (30) days** of the filing date of this Decision and Order, will result in the dismissal of this action without prejudice, without further

15

order of the Court.

## E.  Motions to Press Criminal Charges

Plaintiff has filed several motions asking to press criminal charges against Defendants.  *See* Dkt. No. 4 at 1; Dkt. No. 9 at 2; Dkt. No. 12 at 2-5; and Dkt. No. 17.  However, with rare exceptions not relevant here, criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution.  *See, e.g., Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); *Leeke v. Timmerman,* 454 U.S. 83 (1981) (holding that inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Lis v. Leahy,* No. CIV-90-834E, 1991 WL 99060, *1 (W.D.N.Y. June 3, 1991) (holding that "[a] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings").  Thus, Plaintiff's motions requesting that criminal charges be filed are denied.

## F.  Motions for Preliminary Injunctive Relief

Plaintiff has filed several motions seeking preliminary injunctive relief against Defendant Graham and employees of Auburn Correctional Facility.  *See* Dkt. No. 4 at 2; Dkt. No. 9 at 3-4; Dkt. No. 12 at 1, 6, 8.  Plaintiff requests a court order directing the return of property taken from him and enjoining Defendants and their agents from harassing and assaulting Plaintiff in the future.  *See id.* Plaintiff also asks that the United States Marshal "investigate" his allegations of harassment and assault.  *See* Dkt. No. 15.

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010) (citations omitted). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id*. at 35; *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 405-06 (2d Cir. 2011) (citation omitted). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id*. (citation omitted); *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, * 2 (E.D.N.Y. July 31, 2008) (citation omitted). Preliminary injunctive relief "'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The district court has wide

discretion in determining whether to grant a preliminary injunction.  *See Moore*, 409 F.3d at 511 (citation omitted).

The Court has found that the complaint filed by Plaintiff is insufficient and that an amended complaint must be filed for this action to proceed.  Without a valid complaint, Plaintiff can not possibly establish that his claim has a likelihood of success on the merits of a claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Therefore, the Court denies Plaintiff's motions for preliminary injunctive relief without prejudice to file a new motion if and when (1) Plaintiff has filed an amended complaint and (2) it has been accepted by Order of this Court.


**G.      Motion for Appointment of Counsel**

Turning to Plaintiff's motion for appointment of counsel (Dkt. No. 9 at 4), in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination.  *See Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance."  *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).  Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit.  *See id.*

Here, the Court has found that Plaintiff's complaint is insufficient and that an amended pleading must be filed for this action to proceed.  Since Plaintiff has failed to establish that his claims are likely to be of substance, the Court denies Plaintiff's motion for appointment of counsel without prejudice to renew.

### H.      Remaining Motions

Plaintiff requests summonses for each Defendant.  *See* Dkt. No. 13, 16.  This request is denied as premature because Plaintiff must file an amended complaint before this action may proceed. Plaintiff also requests "copies of all motions signed by Judges" from this District and the Western District of New York "granted or denied."  *See* Dkt. No. 13.[5]  Plaintiff will receive a copy of this Decision and Order, which is the only Order issued in this action to date.[6]  As a courtesy, the Clerk of the Court will be directed to send Plaintiff a copy of his complaint and the docket report for this action. Finally, Plaintiff asks to be brought to Court to argue his case in person "because it's easier than writing" for him.  *See* Dkt. No. 14.  This request is denied.  Should the Court decide that oral argument is necessary for any motion filed in the future, Plaintiff will be provided an opportunity to argue his position as to that motion.

### III. CONCLUSION

**WHEREFORE**, the Court hereby

---

[5] Plaintiff also asks "what a little hammer" on the docket report means.  *See* Dkt. No. 13 at 1. The symbol, called a "gavel," indicates that a motion is pending review by the Court.

[6] Plaintiff should contact the Western District of New York regarding any actions pending there.

**ORDERS** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**;[7] and the Court further

**ORDERS** that the Clerk of the Court shall provide the Superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's authorization form (Dkt. No. 2 at 3), and notify the official that this action has been filed and that Plaintiff is required to pay **to the Northern District of New York** the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and the Court further

**ORDERS** that Auburn Correctional Facility is **DISMISSED** as a Defendant; and the Court further

**ORDERS** that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above **within thirty (30) days** from the date of the filing of this Decision and Order; and the Court further

**ORDERS** that, upon the filing of Plaintiff's amended complaint, this matter be returned to the Court for further review; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint **within thirty (30) days** from the filing date of this Decision and Order, the Clerk of the Court shall enter judgment dismissing this action **without further order of this Court** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and for failure to comply with the terms of this Decision and Order; and the Court further

---

[7] Plaintiff should note that although the IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERS** that Plaintiff's motions to press criminal charges (Dkt. Nos. 4, 9, 12, and 17) are

**DENIED**; and the Court further

**ORDERS** that Plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 4, 9, and 12) are

**DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel (Dkt. No. 9) is **DENIED without**

**prejudice**; and the Court further

**ORDERS** that Plaintiff's remaining motions (Dkt. Nos. 13, 14, 15, 16, and 17) are **DENIED**

for the reasons set forth herein; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff,

together with a copy of his complaint and a docket report.

**IT IS SO ORDERED.**

Dated: March 15, 2013
   Albany, New York

Mae A. D'Agostino
U.S. District Judge