UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER YOUNG,

                                  Plaintiff,

                                                            9:12-CV-01642
v.                                                             (MAD/TWD)

GRAHAM, BROWER, SGT CHANDLER,
OFFICER CASLER, HEATH, OFFICER FAGEN,
VASILE, BRIAN FISCHER,

                                  Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

PETER YOUNG, 08-R-0331
Plaintiff pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN            HEATHER R. RUBENSTEIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently pending before the Court is Defendants' motion to dismiss for failure to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10(b). (Dkt. No. 62.) For the reasons

that follow, I recommend that Defendants' motion be denied.

I.      BACKGROUND

Plaintiff filed the original complaint in this action on September 13, 2012. (Dkt. No. 1.) Upon initial review, the Court dismissed the original complaint with leave to amend. (Dkt. No. 26.)

Plaintiff filed the amended complaint on March 27, 2013. (Dkt. No. 30.) The amended complaint is thirty-four pages long and lists eleven claims arising from Plaintiff's confinement at Auburn Correctional Facility ("Auburn C.F."). (Dkt. No. 30.) Although the paragraphs are not numbered, Plaintiff numbers each Defendant and his multiple claims against that Defendant. (Dkt. No. 30 at 8-33.) Plaintiff's handwriting is legible and his sentences are discernable. *Id.* Plaintiff does not provide specific dates in the complaint, but he describes particular incidents as happening over long periods of time. *Id.*

Upon initial review, the Court summarized and analyzed the amended complaint, listing the claims asserted against each Defendant applying the proper legal standards to those claims. (Dkt. No. 44.) As the Court stated in that Order, Plaintiff alleges that Defendant Fisher retaliated against him for filing a previous federal civil rights lawsuit naming Fischer as a defendant, for filing grievances, and for his religious beliefs. (Dkt. No. 30 at 7.) Plaintiff claims that Defendant Fischer retaliated against him by, among other things, directing his agents to use excessive force and to employ chemical agents against him without justification, by subjecting him to inadequate conditions of confinement, by giving his staff permission to tamper with Plaintiff's legal mail, and by refusing to mail out Plaintiff's civil rights claims. *Id.* at 8.

Plaintiff alleges that Defendant Graham, superintendent at Auburn C.F., retaliated against

him for filing a previous federal civil rights lawsuit naming Graham as a defendant, for filing grievances, and for his religious beliefs. *See* Dkt. No. 30 at 13. Plaintiff alleges that Defendant Graham retaliated against him by, among other things, ordering Defendant Lieutenant Vasile to take Plaintiff to the facility infirmary for medical treatment against his religious beliefs, by directing corrections officers to use excessive force against him and to employ chemical agents without justification, and by tampering with his mail. *See id.* at 9-10. Plaintiff also claims that Defendant Graham removed all of Plaintiff's legal documents from his cell and destroyed them without due process. *Id.* at 10. Plaintiff alleges that Defendant Graham interfered with his legal mail by "not mailing legal documents and other correspondence" to attorneys and to the court and by "reading attorney privileged mail." *Id.* at 11. Plaintiff also alleges that, on one occasion, Defendant Graham kept legal transcripts mailed to Plaintiff in the facility's package room for over three months after receiving them and that, as a result, a case Plaintiff had pending in the Eastern District of New York was dismissed by the court for failure to file a memorandum of law. *Id.* at 12. Plaintiff also claims that Defendant Graham refused to provide him with mailing supplies or access to the facility's law library. *Id.* at 13.

Plaintiff claims that Defendant Graham ordered Defendant Vasile to take Plaintiff to the infirmary for medical treatment "against [his] religious belief." *Id.* at 9. Apart from this reference, Plaintiff fails to provide any information about–or even to identify by name–his religion.

Plaintiff alleges that Defendant Brower, the officer in charge of the special housing unit at Auburn C.F., retaliated against him for filing a previous federal civil rights lawsuit naming Brower as a defendant, for filing grievances, and for his religious beliefs. *See* Dkt. No. 30 at

3

14-15. Plaintiff alleges that Defendant Brower retaliated against him by, among other things, having the water turned off in his cell for thirty days. *Id.* at 15.

Plaintiff alleges that Defendant Chandler interfered with his legal mail and tampered with his food in order "to get [Plaintiff] . . . to shave [his] beard against [his] religious belief." *See* Dkt. No. 30 at 16-17. Plaintiff claims that Defendant Chandler interfered with his legal mail by refusing to send Plaintiff's outgoing mail and by refusing to give Plaintiff mail sent to him. *See id.* at 17-18. As a result of Defendant Chandler's refusal to mail his legal documents, Plaintiff alleges that he "lost [an] appeal and lawsuit." *Id.* at 18. Plaintiff also claims that Defendant Chandler tampered with his food by allowing food service staff to place dirty gloves on his food tray and to provide him with inadequate food at meal times and, as a result, Plaintiff claims that he "lost weight and had no energy to do anything." *Id.*

Plaintiff alleges that former Defendant Schug retaliated against him for filing federal civil rights lawsuits, for filing grievances, and for his religious beliefs. Dkt. No. 30 at 19. Plaintiff alleges that Defendant Schug retaliated by, among other things, interfering with his legal mail and tampering with his food. *Id.* at 20. Plaintiff asserts that Defendant Schug returned an envelope containing legal mail to the sender without Plaintiff's authorization, falsely indicating on the envelope that Plaintiff had refused to accept it. *Id.* at 19. Plaintiff alleges that on December 29, 2012, Defendant Schug tampered with his dinner by providing inadequate portions of food and by using dirty gloves to serve him. *Id.* at 20. As a result, Plaintiff contends that Defendant Schug put him "in danger of getting any kind of health risk [by] keeping [him] undernourished and frail." *Id.*

Plaintiff alleges that Defendant Putnam interfered with his legal mail by refusing to

provide Plaintiff with his mail on July 9, 2012. Dkt. No. 30 at 20.

Plaintiff alleges that Defendant Casler retaliated against him for filing federal civil rights lawsuits, for filing grievances, and for his religious beliefs. *See* Dkt. No. 30 at 22. Plaintiff alleges that Defendant Casler retaliated against him by, among other things, tampering with his legal mail, tampering with and withholding food, and by removing and destroying documents from his cell. *Id.* at 21-23. Plaintiff claims that Defendant Casler refused to send his legal mail to the court and to his attorney. *Id.* at 23. In one instance, Plaintiff alleges that Defendant Casler's refusal to mail a letter requesting an extension of time in a case pending in the Eastern District of New York resulted in the judge dismissing Plaintiff's case. *Id.* Plaintiff also asserts that Defendant Casler has taken legal documents and other material from his cell when Plaintiff was not there. *Id.*

Plaintiff alleges that Defendant Heath retaliated against him for filing federal civil rights lawsuits, for filing grievances, and for his religious beliefs. Dkt. No. 30 at 24. He alleges that Defendant Heath retaliated against him by, among other things, interfering with his legal mail and tampering with his food. *Id.* at 25. Plaintiff asserts that Defendant Heath refused to give him incoming legal mail and to send outgoing mail to attorneys and to the court. *Id.* As a result of Defendant Heath's actions, Plaintiff alleges that the judge in one of his pending cases did not receive Plaintiff's motions and other correspondence. *Id.*

Plaintiff alleges that Defendant Fagen retaliated against him for filing federal civil rights lawsuits, for filing grievances, and for his religious beliefs. *See* Dkt. No. 30 at 26-27. Plaintiff alleges that Defendant Fagen retaliated against him by, among other things, tampering with his food, refusing to give him legal supplies, providing him with dirty linens and towels, refusing to

give him hot water, and by making unwanted sexual advances. *Id.* at 26-28.

Plaintiff alleges that Defendant Vasile forced him to go to the infirmary for medical treatment against his religious beliefs, used excessive force and chemical agents against him without justification, and removed legal documents and other property from his cell. *See* Dkt. No. 30 at 29-31. Plaintiff alleges that in order to force him to report to the infirmary for medical treatment as ordered by facility staff, Defendant Vasile used excessive force on multiple occasions to extract him from his cell. *See id.* at 29. Plaintiff asserts that he had refused to report to the infirmary voluntarily for medical treatment because receiving such treatment would violate his religious beliefs. *See id.* Plaintiff alleges that while attempting to force him out of the cell, Defendant Vasile and other officers under his direction assaulted him using night sticks and shields, and that Defendant Vasile sprayed a chemical agent into his eyes. *See id.* at 29-30. During the assault, Plaintiff alleges that an officer under Defendant Vasile's direction broke Plaintiff's glasses in order to prevent him from reading or writing a complaint. *See id.* at 30. Plaintiff asserts that these assaults occurred approximately four times in the year preceding the filing of the amended complaint. *See id.*

Plaintiff alleges that Cheryl Parmiter, the grievance supervisor at Auburn C.F., refused to process his grievances in violation of the facility's established grievance procedure. *See* Dkt. No. 30 at 32. Plaintiff claims that Ms. Parmiter refused to assign grievance numbers or to investigate his claims, choosing instead to process only the claims that suited her. *See id.* Plaintiff asserts that Ms. Parmiter's refusal to process all of his grievances deprived him of meaningful access to the courts.

Upon initial review of the amended complaint, the Court dismissed the following claims

6

with prejudice: (1) Plaintiff's Fourteenth Amendment due process claim against Defendant Vasile for deprivation of property; (2) Plaintiff's Fourteenth Amendment due process claim against Ms. Parmiter for deprivation of property; and (3) Plaintiff's first Amendment denial of access to the claim against Ms. Parmiter. (Dkt. No. 44.)

The Court further dismissed the following claims without prejudice: (1) Plaintiff's First Amendment denial of access to the courts claim against Defendant Fischer; (2) Plaintiff's First Amendment free exercise claim against Defendant Graham; (3) Plaintiff's First Amendment free exercise claim against Defendant Chandler; (4) Plaintiff's First Amendment mail interference and denial of access to the courts, and Eighth Amendment conditions of confinement claims against Defendant Schug; (4) Plaintiff's First Amendment mail interference claim against Defendant Putnam; (5) Plaintiff's Eighth Amendment conditions of confinement claim against Defendant Casler; (6) Plaintiff's Eight Amendment conditions of confinement claim against Defendant Heath; and (7) Plaintiff's First Amendment access to the courts and Eighth Amendment conditions of confinement claims against Defendant Fagen. (Dkt. No. 44.)

The Court directed Defendants to respond to: (1) the First Amendment retaliation and mail interference claims, and the Eighth Amendment conditions of confinement and excessive force claims against Defendant Fischer; (2) the First Amendment retaliation, mail interference, denial of access to the courts claims, the Eighth Amendment excessive force claim, and the Fourteenth Amendment due process claims for violating Plaintiff's right to refuse unwanted medical care and for deprivation of property against Defendant Graham; (3) the First Amendment retaliation claim and the Eighth Amendment conditions of confinement claim against Defendant Brower; (4) the First Amendment retaliation, mail interference, and denial of access to the courts

claims, and the Eighth Amendment conditions of confinement claim against Defendant Chandler; (5) the First Amendment retaliation, mail interference, and denial of access to the courts claims against Defendant Casler; (6) the First Amendment retaliation, mail interference, and denial of access to the courts claim against Defendant Heath; (7) the First Amendment retaliation claim against Defendant Fagen; and (8) the Eighth Amendment excessive force claim against Defendant Vasile. (Dkt. No. 44 at 29-30.)

Defendants now move to dismiss the amended complaint. (Dkt. No. 62.) Plaintiff has not opposed the motion.

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

8

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Defendants' motion to dismiss does not address the merits of any of Plaintiff's surviving claims. (Dkt. No. 62-1.) Rather, Defendants argue that the amended complaint fails to comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10, rendering it "nearly impossible to determine the basis for the causes of action[] in the Amended Complaint." *Id.* at 7. For the reasons discussed below, I recommend that the Court deny Defendants' motion.

### A. Federal Rule of Civil Procedure 8

Defendants argue that the amended complaint should be dismissed because it fails to comply with Federal Rule of Civil Procedure 8. (Dkt. No. 62-1.) Federal Rule of Civil Procedure 8 requires, *inter alia*, that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42

(2d Cir. 1988)). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons*, 49 F.3d at 86.

The function of the pleading standard is to provide the defendants with fair notice of the claims being asserted against them so they can prepare defenses and for trial, and to prevent placing an unjustified burden on the court of wading through irrelevant material. *See Salahuddin*, 861 F.2d at 42. In determining whether the complaint satisfies the Rule 8 pleading requirements, the court is required to construe pro se complaints liberally. *Simmons*, 49 F.3d at 86.

Here, the Court's extensive and detailed initial order provided Defendants with fair notice of the claims asserted against them. If the Court had been inclined to dismiss the amended complaint for failure to comply with Rule 8, it would have done so *sua sponte* upon initial review. Instead, the Court accepted the burden of summarizing and analyzing the complaint, dismissed multiple causes of action and Defendants, and specifically directed Defendants to respond to enumerated remaining causes of action. Therefore, it is recommended that Defendants' motion to dismiss the amended complaint for failure to comply with Federal Rule of Civil Procedure 8 be denied.

B. **Federal Rule of Civil Procedure 10**

Defendants argue that the amended complaint should be dismissed because it fails to comply with Federal Rule of Civil Procedure 10(b). (Dkt. No. 62-1.) Federal Rule of Civil Procedure 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The

Second Circuit is "especially . . . willing to overlook harmless violations of Rule 10(b)." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005). A violation is harmless "where the absence of numbering or succinct paragraphs does not interfere with one's ability to understand the claims or otherwise prejudice the adverse party." *Id.* Further, "even where a violation of Rule 10(b) is not harmless, dismissal is not typically the appropriate course of action." *Phillips*, 408 F.3d at 128. Here, Defendants are not prejudiced by the amended complaint's lack of numbered paragraphs because the Court has performed an initial review of the amended complaint and directed Defendants to respond to enumerated claims. Therefore, it is recommended that the Court deny Defendants' motion to dismiss the amended complaint for failure to comply with Rule 10(b).

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 62) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: March 9, 2015
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge