**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PETER YOUNG,**

                             **Plaintiff,**

    vs.                                                 **9:12-cv-1642
(MAD/TWD)**

**GRAHAM,** *et al.***,**

                             **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**PETER YOUNG
08-R-0331**
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **HEATHER R. RUBENSTEIN, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* under 42 U.S.C. § 1983. *See* Dkt. No. 1. Upon initial review, this Court dismissed Plaintiff's Fourteenth Amendment due process claims with prejudice against Defendants Parmiter and Vasile for deprivation of property, and Plaintiff's First Amendment claim against Defendant Parmiter for denial of access to the courts. *See* Dkt. No. 44. The Court further dismissed without prejudice Plaintiff's First Amendment denial of access to the courts claims against Defendants Fischer, Schug, and Fagen, Plaintiff's First Amendment free exercise claims against Defendants Graham and Chandler,

Plaintiff's First Amendment mail interference claims against Defendants Schug and Putnam, and Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Schug, Casler, Heath, and Fagen. *See id.*

The Court directed Defendants to respond to the following claims: (1) the First Amendment retaliation and mail interference claims, and the Eighth Amendment conditions of confinement and excessive force claims against Defendant Fischer; (2) the First Amendment retaliation, mail interference, denial of access to the courts claims, the Eighth Amendment excessive force claim, and the Fourteenth Amendment due process claims for violating Plaintiff's right to refuse unwanted medical care and for deprivation of property against Defendant Graham; (3) the First Amendment retaliation claim and the Eighth Amendment conditions of confinement claim against Defendant Brower; (4) the First Amendment retaliation, mail interference, and denial of access to the courts claims, and the Eighth Amendment conditions of confinement claim against Defendant Chandler; (5) the First Amendment retaliation, mail interference, and denial of access to the courts claims against Defendant Casler; (6) the First Amendment retaliation, mail interference, and denial of access to the courts claims against Defendant Heath; (7) the First Amendment retaliation claim against Defendant Fagen; and (8) the Eighth Amendment excessive force claim against Defendant Vasile. Dkt. No. 44 at 29-30.

On April 30, 2014, Defendants filed a motion to dismiss, alleging that Plaintiff's amended complaint fails to comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 62. In a March 9, 2015 Report-Recommendation, Magistrate Judge Theresa Wiley Dancks recommended that the Court deny Defendants' motion. *See* Dkt. No. 72. Specifically, Magistrate Judge Dancks recommended that the Court deny Defendants' motion because "the Court's extensive and detailed initial order provided Defendants with fair notice of the claims

asserted against them[,]" and therefore dismissal under Rule 8 of the Federal Rules of Civil Procedure is not appropriate. *Id.* at 10. Further, Magistrate Judge Dancks found that dismissal under Rule 10 is not appropriate because "Defendants are not prejudiced by the amended complaint's lack of numbered paragraphs" due to this Court's initial review of the amended complaint, which gave Defendants knowledge of the claims to which they were required to respond. *Id.* at 11. Neither party objected to Magistrate Judge Dancks' Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)

3

(holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g.*, *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The court is not bound, however, to accept as true legal conclusions with the appearance of factual statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a 12(b)(6) motion where the plaintiff provides no "plausible" basis to support his claims. *See Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further, when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the

4

complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

Having reviewed Magistrate Judge Dancks' thorough and well-reasoned Report-Recommendation and the parties' submissions, the Court finds that she correctly determined that the Court should deny Defendants' motion to dismiss because the amended complaint, and the Court's initial review thereof, provided Defendants with fair notice of the claims asserted against them and to which they have to respond.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' March 9, 2015, Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 62) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties according to the Local Rules.

**IT IS SO ORDERED.**

Dated: March 26, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge