UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER YOUNG,

                Plaintiff,

   v.                                          9:12-CV-1642
                                                      (MAD/TWD)

GRAHAM, et al.,

                Defendants.

---

APPEARANCES:                            OF COUNSEL:

PETER YOUNG
08-R-0331
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN         KEVIN M. HAYDEN, ESQ.
New York State Attorney General          Ass't Attorney General
Attorney for Defendants
Syracuse Regional Office
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

    Plaintiff Peter Young commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Compl."). Plaintiff subsequently filed an amended complaint, which is the operative pleading. Dkt. No. 30 ("Am. Compl."). In the amended complaint, plaintiff alleges that his constitutional rights were violated during his previous confinement at Auburn Correctional Facility ("Auburn C.F."). *See generally* Am. Compl.

Presently before the Court is plaintiff's motion requesting preliminary injunctive relief. Dkt. No. 89. Defendants oppose the motion. Dkt. No. 91.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district

court has wide discretion in determining whether to grant preliminary injunctive relief.  *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

In the present motion, plaintiff alleges that two unidentified correctional officers at Upstate C.F., where plaintiff is currently incarcerated, searched his cell on June 20, 2015, opened his legal mail addressed to the Clerk of the United States District Court and to United States Magistrate Judge Thérèse Wiley Dancks, and confiscated letters addressed to the Commissioner Annucci and Superintendent Uhler, as well as carbon copies of grievances "that never made it to the grievance office at Upstate C.F."  Dkt. No. 89 at 1.[1]  Plaintiff claims that unless he "get[s] help from someone" he "is going on a hunger strike."  *Id.*  Construing his request for injunctive relief liberally in light of his pro se status, plaintiff seeks an court order enjoining the two unidentified correctional officers from interfering with his legal mail and access to the courts.  *Id.*  Defendants oppose the motion asserting that the motion "makes no reference to any imminent danger or to any allegations related to his claims in this action."  Dkt. No. 91 at 1.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'"  *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted).  *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and improper conditions of

---

[1] This is plaintiff's third motion requesting preliminary injunctive relief against persons employed at Upstate C.F.  Plaintiff's prior motions were filed on May 7, 2015, and May 20, 2015.  *See* Dkt. Nos. 83, 87.  The prior requests were denied on May 18, 2015, and June 15, 2015, respectively.  *See* Dkt. Nos. 85, 88.

3

confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

  Here, the allegations that form the basis for plaintiff's motion for injunctive relief – namely the alleged interference with his mail and access to the courts at Upstate C.F. by Upstate C.F. staff – are not related to the claims in the complaint that his constitutional rights were violated during his prior confinement at Auburn C.F.  Thus, the motion can be denied on this basis alone.  Moreover, even if any of the alleged misconduct were related, plaintiff fails to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

  Additionally, insofar as plaintiff seeks to enjoin the actions of non-parties, namely two correctional officers at Upstate C.F., the Court lacks subject matter jurisdiction to enjoin their

actions.  *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 89) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 89) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: July 10, 2015
       Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge