UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER YOUNG,

                Plaintiff,

    v.                                                           9:12-CV-1642
                                                                            (MAD/TWD)

GRAHAM, et al.,

                Defendants.

---

APPEARANCES:                              OF COUNSEL:

PETER YOUNG
08-R-0331
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN          KEVIN M. HAYDEN, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
Syracuse Regional Office
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

      Plaintiff Peter Young commenced this civil rights action pursuant to 42 U.S.C. § 1983

and is proceeding pro se and in forma pauperis. The amended complaint is the operative

pleading. Dkt. No. 30 ("Am. Compl."). In the amended complaint, plaintiff alleges that his

constitutional rights were violated during his previous confinement at Auburn Correctional

Facility ("Auburn C.F."). *See generally* Am. Compl.

Presently before the Court is plaintiff's motion requesting preliminary injunctive relief. Dkt. No. 93. Defendants oppose the motion. Dkt. No. 94.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district

court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

In the present motion, plaintiff alleges that unidentified correctional officers at Upstate Correctional Facility ("Upstate C.F."), where plaintiff is currently incarcerated, have denied him access to the law library, opened his legal mail, harassed and threatened him, and impeded his access to the inmate grievance program. Dkt. No. 93 at 1-2.[1] Plaintiff claims that the "Brotherhood of Correction Officers want [him] to drop this law suit." *Id.* at 1. Plaintiff requests "help from the Court." *Id.* at 3. Defendants oppose the motion asserting that, as with his prior motions, plaintiff "has not presented any evidence of irreparable harm" and the allegations of wrongdoing in the motion "'are not related to the claims in the complaint that his constitutional rights were violated during his prior confinement at Auburn C.F.'" Dkt. No. 94 at 1 (quoting Decision and Order, June 10, 2015, Dkt. No. 92 at 4). Defendants also assert that the Court lacks jurisdiction to enjoin the actions of non-parties. Dkt. No. 94 at 1.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and improper conditions of

---

[1] This is plaintiff's fourth motion requesting preliminary injunctive relief against persons employed at Upstate C.F. Plaintiff's prior motions were filed on May 7, 2015, May 20, 2015, and June 24, 2015. *See* Dkt. Nos. 83, 87, and 89. The prior requests were denied on May 18, 2015, June 15, 2015, and July 10, 2015, respectively. *See* Dkt. Nos. 85, 88, and 92.

confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).  "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."  *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Here, the allegations that form the basis for plaintiff's motion for injunctive relief – namely the alleged violations of his constitutional rights by staff at Upstate C.F. in 2015 – are not related to the claims in the complaint that his constitutional rights were violated during his prior confinement at Auburn C.F.  Thus, the motion can be denied on this basis alone.  Moreover, even if any of the alleged misconduct were related, plaintiff fails to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor.  *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Additionally, insofar as plaintiff seeks to enjoin the actions of non-parties, the Court lacks subject matter jurisdiction to enjoin their actions.  *See Stewart v. United States I.N.S.*,

4

762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 93) is denied.

Plaintiff is advised that concerns regarding his conditions of confinement at Upstate C.F. should be addressed through administrative channels at Upstate C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 93) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: August 26, 2015
      Albany, NY

                                Mae A. D'Agostino
                                U.S. District Judge