```
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER YOUNG,

                Plaintiff,

    v.                                        9:12-CV-1642 (MAD/TWD)

GRAHAM, et al.,

                Defendants.

---

APPEARANCES:                                OF COUNSEL:

PETER YOUNG
08-R-0331
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN            KEVIN M. HAYDEN, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Defendants
Syracuse Regional Office
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

      Plaintiff Peter Young commenced this civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding pro se and in forma pauperis. The amended complaint is the operative pleading. Dkt. No. 30 ("Am. Compl."). In the amended complaint, plaintiff alleges that his constitutional rights were violated during his previous confinement at Auburn Correctional Facility ("Auburn C.F.") in 2012 and 2013. *See generally* Am. Compl.

Presently before the Court are plaintiff's motions requesting preliminary injunctive relief.  Dkt. Nos. 108 and 110.  Defendants oppose the motions.  Dkt. No. 111.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district

court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005).

In the first motion, plaintiff alleges that unidentified correctional officers at Great Meadow Correctional Facility ("Great Meadow C.F."), where plaintiff is currently incarcerated, have "strong armed" plaintiff into signing papers he did not want to sign, denied him access to his personal property and legal documents, refuse to let him leave his cell to eat or shower, and threatened to assault him. Dkt. No. 108 at 1. In the second motion, plaintiff alleges that he is locked in his cell 24/7 at Great Meadow C.F. because he refuses to drop this case. Dkt. No. 110 at 1. Plaintiff also alleges that unidentified correctional officers have threatened him, denied him access to his mail, and refused to give him his personal and legal property. *Id.* Defendants oppose both motions asserting that plaintiff "makes no reference to any imminent danger or to any allegations related to the claims in this action." Dkt. No. 111 (citing Decision and Order, May 18, 2015, Dkt. No. 85 at 4 and Decision and Order, August 26, 2015, Dkt. No. 97 at 4-5). Defendants have provided a Declaration signed by Darin R. Williams, a Lieutenant at Great Meadow C.F., indicating that plaintiff was found guilty of misconduct at a tier hearing held on December 28, 2015, and is currently in keep-lock confinement at Great Meadow C.F., which means that he "is locked in a cell for 23 hours per day . . . [h]is meals are delivered to him and he is entitled to a shower ever other day." Dkt. No. 111-1 at 1. Lieutenant Williams also states that "to the best of [his] knowledge, Plaintiff is in possession of all property and legal documents that he is entitled to under DOCCS' directives and Great Meadow's policies." *Id.* at 2.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise

3

to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and improper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994). Here, the allegations that form the basis for plaintiff's motions for injunctive relief – namely the alleged violations of his constitutional rights by staff at Great Meadow C.F. in December, 2015 – are not related to the claims in the amended complaint that his constitutional rights were violated during his confinement at Auburn C.F. in 2012 and 2013. Thus, the motions can be denied on this basis alone. Moreover, even if any of the alleged misconduct were related, plaintiff fails to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are

insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Finally, the Court lacks subject matter jurisdiction to enjoin the actions of non-parties. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Accordingly, for the foregoing reasons, plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 108 and 110) are denied.[1]

**WHEREFORE**, it is hereby

---

[1] Plaintiff is advised that concerns regarding his conditions of confinement at Great Meadow C.F. should be addressed through administrative channels at Great Meadow C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action.

**ORDERED** that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 108 and 110) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 25, 2016
      Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge