**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PETER YOUNG,**

                             **Plaintiff,**

  vs.                                                     **9:12-CV-1642
                                                                   (MAD/TWD)**

**GRAHAM,** *Superintendent***; BROWER; SGT.
CHANDLER; OFFICER CASLER; HEATH;
OFFICER FAGEN; VASILE; and BRIAN
FISCHER,**

                             **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**PETER YOUNG**
3225 Burnet Avenue
Apt. #5
Syracuse, New York 13206
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **AIMEE M. PAQUETTE, AAG**
**STATE ATTORNEY GENERAL**
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff Peter Young, formerly an inmate in the custody of the New York State

Department of Corrections and Community Supervision, commenced this civil rights action

pursuant to 42 U.S.C. § 1983 on September 13, 2012, asserting claims arising out of his

confinement at Auburn Correctional Facility ("Auburn C.F."). *See* Dkt. No. 1. After the Court

dismissed the original complaint on initial review, Plaintiff timely filed an amended complaint. *See* Dkt. Nos. 26 & 30. Following initial review of the amended complaint, the Court found that the following claims survived initial review and required a response: (1) First Amendment retaliation claim against Defendants Fischer, Graham, Brower, Chandler, Casler, Heath, and Fagen; (2) First Amendment legal mail interference claim against Defendants Fischer, Graham, Chandler, Casler, and Heath; (3) First Amendment denial of access to the court claim against Defendants Graham, Chandler, Casler, and Heath; (4) Eighth Amendment conditions of confinement claim against Defendants Fischer, Brower, and Chandler; (5) Eighth Amendment excessive force claim against Defendants Fischer, Graham, and Vasile; (6) Fourteenth Amendment forced medical care claim against Defendant Graham; and (7) Fourteenth Amendment deprivation of personal property claim against Defendant Graham. *See* Dkt. No. 44 at 29-30.

On June 3, 2016, Defendants filed a motion for summary judgment, arguing that Plaintiff's claims are meritless and that Plaintiff has failed to establish the personal involvement of Defendants Fischer, Graham, Chandler, and Vasile. *See* Dkt. No. 139. In an Order and Report-Recommendation dated March 6, 2017, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. *See* Dkt. No. 154. Specifically, Magistrate Judge Dancks recommended that the Court grant Defendants' motion for summary judgment as to all claims with the exception of the Eighth Amendment conditions of confinement claim against Defendants Chandler and Brower, and the Eighth Amendment excessive force and failure to intervene claim against Defendants Graham, Vasile, Brower, Heath, and Casler. *See id.* at 36.

## II. BACKGROUND

Since neither party objected to Magistrate Judge Dancks' recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Dancks' Order and Report-Recommendation. *See* Dkt. No. 154 at 3-7.

### III. DISCUSSION

**A. Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in

the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Official Capacity Claims**

Plaintiff sued all Defendants for money damages pursuant to 42 U.S.C. § 1983 in both their individual and official capacities. *See* Dkt. No. 30 at 1-5. As Magistrate Judge Dancks correctly determined, the Eleventh Amendment precludes Plaintiffs from recovering money damages from Defendants in their official capacities. *See Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 4666 F.3d 232, 238 (2d Cir. 2006). As such, although not raised in their motion for summary judgment, the Court *sua sponte* dismisses Plaintiff's official capacity claims. *See id.*

**C.     Retaliation**

5

In his amended complaint, Plaintiff claims that Defendants Fischer, Graham, Brower, Chandler, Casler, Heath, and Fagen retaliated against him for filing lawsuits and grievances, and for his religious beliefs. Defendants argue that the Court should grant summary judgment as to these claims because the claims are legally deficient and the record contains no evidence upon which a factfinder could conclude that unlawful retaliation occurred. *See* Dkt. No. 139-7 at 15-19.

Having reviewed the parties' submissions, the Court finds that Magistrate Judge Dancks correctly determined that Defendants are entitled to summary judgment as to Plaintiff's retaliation claims. *See* Dkt. No. 154 at 13-16. Aside from his own conclusory allegations in the amended complaint and one instance during his deposition, nothing in the record supports the alleged retaliation claims. Now that this matter has progressed to summary judgment, Plaintiff's conclusory allegations are no longer sufficient. *See Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). In response to Defendants' motion, Plaintiff needed to come forward with evidence from which a reasonable factfinder could find the requisite nexus between his protected activity and the adverse actions taken against him. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Even assuming Plaintiff engaged in protected conduct, Plaintiff failed to present any evidence, admissible or otherwise, supporting any causal connection between the alleged protected conduct and any adverse action. *See Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 368-69 (S.D.N.Y. 2011).

Based on the foregoing, the Court finds that Magistrate Judge Dancks correctly recommended that the Court grant Defendants' motion for summary judgment as to Plaintiff's retaliation claims.

**D.     Supervisor Liability**

In his deposition, Plaintiff testified that he sued Defendant Fischer because "he was the top man, C.E.O. of the Department of Corrections." Dkt. No. 139-3 at 25. Plaintiff claims that he wrote letters to Defendant Fischer complaining about the alleged constitutional violations he was subjected to, but complains that Defendant Fischer merely delegated these letters to his deputy commissioners. *See id.* at 34, 37-38.

As Magistrate Judge Dancks correctly determined, Plaintiff's conclusory claims that Defendant Fischer did not respond to letters or grievances, or that he referred these letters to subordinates is insufficient to establish personal involvement. *See Vega v. Artus*, 610 F. Supp. 2d 185, 199 (N.D.N.Y. 2009). Moreover, Plaintiff's allegation that Defendant Fischer authorized Defendant Graham to use excessive force and chemical agents during cell extractions at Auburn C.F. is insufficient to establish Defendant Fischer's personal involvement in the alleged Eighth Amendment violation. *See Scarbrough v. Thompson*, No. 10-cv-901, 2012 WL 7761439, *10 (N.D.N.Y. Dec. 12, 2012). The record is devoid of any evidence to support a finding of supervisory liability against Defendant Fischer.

Based on the foregoing, the Court grants Defendants' motion for summary judgment as to the supervisory liability claims against Defendant Fischer.

**E.    Interference with Legal Mail and Access to the Courts**

In their motion, Defendants argue that Plaintiff's legal mail and access to the court claims against Defendants Fischer, Graham, Chandler, Heath, and Casler fail as a matter of law because Plaintiff failed to establish that he suffered any actual injury from the alleged misconduct. *See* Dkt. No. 139-7 at 23. The Court agrees.

Plaintiff claimed that a petition for a writ of *habeas corpus* was dismissed in the Eastern District of New York for his failure to timely file a memorandum of law. *See* Dkt. No. 30 at 12.

7

Contrary to Plaintiff's allegations, the record makes clear that his petition was dismissed on the merits on December 20, 2012. *See Young v. New York*, No. 2:11-cv-110, Dkt. Nos. 17 & 18 (E.D.N.Y.).

Moreover, in his first action filed in the Western District of New York, the court appointed *pro bono* counsel and the case went to trial on August 26, 2013. *See Young v. Kadien*, No. 6:09-cv-6639 (W.D.N.Y.). After Plaintiff presented his case, defense counsel made a Rule 50 motion, which the court granted and judgment was entered on September 10, 2013. *See id.*, Dkt. Nos. 137 & 138. Finally, in the second action Plaintiff commenced in the Western District of New York, Plaintiff was again represented by counsel and, after oral argument, the court granted the defendants' motion to dismiss and dismissed Plaintiff's amended complaint on the merits. *See Young v. Canfield*, No. 6:11-cv-6007, 2014 WL 3385186 (W.D.N.Y. July 9, 2014).

Contrary to Plaintiff's conclusory allegations, all of the legal actions that have been identified were dismissed on the merits and not due to any alleged interference with Plaintiff's ability to access the courts or with his legal mail. Absent any actual injury to Plaintiff, Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion for summary judgment as to these claims. *See Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008).

**F. Forced Medical Care**

Plaintiff alleged that Defendant Graham ordered that Plaintiff be taken to the infirmary for medical treatment "against [his] religious belief." Dkt. No. 44 at 14-15. As Magistrate Judge Dancks noted, at his deposition, Plaintiff clarified that, "although he was taken to the infirmary, 'where they tried to give [him] medical treatment,' Plaintiff successfully refused the medical treatment, having only been forced to have his vital signs monitored." Dkt. No. 154 at 24 (quoting Dkt. No. 139-3 at 53-54). Moreover, Plaintiff has not alleged that any of the Defendants

8

actually provided him with medical treatment, or that Defendant Graham violated his limited right to refuse medical treatment.

Since the summary judgment record is devoid of any evidence supporting Plaintiff's claim that Defendant Graham violated Plaintiff's Fourteenth Amendment right to refuse medical treatment, Magistrate Judge Dancks correctly determined that this claim should be dismissed.

### G. **Conditions of Confinement**

In his amended complaint, Plaintiff has alleged two separate Eighth Amendment conditions of confinement claims. *See* Dkt. No. 30 at 15. First, Plaintiff claims that Defendant Brower turned off the water in his cell for thirty (30) days, limiting him to two buckets of hot water a day for drinking, bathing, and laundry. *See id.* As Magistrate Judge Dancks correctly determined, although it has never been held that prisoners are entitled to complete and unfettered access to water or showers, *see Beckford v. Portuondo*, 151 F. Supp. 2d 204, 211 (N.D.N.Y. 2001), Defendants' motion for summary judgment as to this claim must be denied because weighing the conflicting evidence and assessing the credibility of the parties is within the sole province of the jury. *See* Dkt. No. 154 at 28.

Plaintiff has also alleged that Defendant Chandler violated his Eighth Amendment rights by tampering with his food. Although Defendants identified this claim in their motion for summary judgment, they failed to address the merits of this claim in their memorandum of law. As such, Magistrate Judge Dancks did not consider this claim to be a part of Defendants' motion for summary judgment. *See* Dkt. No. 154 at 29-30. Further, Magistrate Judge Dancks concluded that, based on the record, "[e]ven if Defendants had addressed the merits, the Court would have been constrained to deny summary judgment based on the current record." *Id.* at 30. The Court agrees with Magistrate Judge Dancks that, since Defendants failed to address the merits of this

9

claim in their memorandum of law, it was not properly before the Court. Moreover, even if it had been addressed, questions of fact would preclude the Court from granting Defendants' motion as to this claim.

Based on the foregoing, the Court denies Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment conditions of confinement claims.

## H. Excessive Force

In his amended complaint, Plaintiff alleges that he was subjected to excessive force and chemical agents during several cell extractions. As acknowledged in Magistrate Judge Dancks' Order and Report-Recommendation, the evidentiary record in support for Plaintiff's excessive force claims is thin. *See* Dkt. No. 154 at 33. However, Magistrate Judge Dancks also noted that, despite the thin record in support of the claim, the record is devoid of an affidavit or declaration from any Defendant denying or disputing Plaintiff's account of the use of excessive force during the cell extractions, or any evidence demonstrating that any force used was necessary to restore discipline and subdue Plaintiff. *See id.* On the record before the Court, Plaintiff testified that Defendants Heath and Casler were members of the extraction team when he was subjected to excessive force. Since Plaintiff's "allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically," summary judgment is inappropriate. *See Wright v. Goord*, 554 F.3d 255, 269 (2d Cir. 2009). Further, Plaintiff's testimony creates an issue of fact as to whether Defendants Graham, Vasile, and Brower were present when they ordered these cell extractions and, therefore, failed to intervene in violation of the Eighth Amendment.

Based on the foregoing, the Court denies Defendants' motion for summary judgment as to Plaintiff's excessive force and failure to intervene claims against Defendants Graham, Vasile, Brower, Heath, and Casler.

## I. Deprivation of Personal Property

After the Court's initial review, Plaintiff's only remaining claim for deprivation of property is against Defendant Graham. *See* Dkt. No. 44 at 14-15. At his deposition, Plaintiff testified that Defendant Graham does not personally take his property. *See* Dkt. No. 139-3 at 56. Rather, in an entirely conclusory fashion, Plaintiff claims that Defendant Graham orders subordinates to "take all my personal property, legal word, and carbon copies[.]" Dkt. No. 142 at ¶ 12. In his reply declaration, Defendant Graham specifically denies Plaintiff's conclusory allegations. *See* Dkt. No. 144-1 at ¶ 6.

As Magistrate Judge Dancks correctly determined, Plaintiff's conclusory allegations are insufficient to create a genuine issue of material fact. *See Kerzer*, 156 F.3d at 400. Plaintiff's bald speculation that Defendant Graham ordered the confiscation of his personal belongings, including his underwear and socks, is not based on personal knowledge and is insufficient to withstand Defendants' motion for summary judgment. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (holding that evidence must be based on personal knowledge) (citations omitted).

Based on the foregoing, the Court grants Defendants' motion for summary judgment as to Plaintiff's deprivation of personal property claim.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Dancks' Order and Report-Recommendation and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 154) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 139) is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2017
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge

---

[1] As a result of this Memorandum-Decision and Order, the only remaining claims are Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Chandler and Brower, and the Eighth Amendment excessive force and failure to intervene claim against Defendants Graham, Vasile, Brower, Heath, and Casler.